UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20024-ALTMAN

BRIAN EVANS,

     *Plaintiff*,

v.

HAWAIIAN ELECTRIC INDUSTRIES, INC., *et al.*,

     *Defendants*.

_____/

## ORDER ON MOTION TO DISMISS OR TRANSFER CASE

On January 1, 2026, Brian Evans, proceeding *pro se*, brought this action against our Defendants—Hawaiian Electric Industries, Inc., Hawaiian Electric Company, Inc., Hawaiian Electric Utilities, Inc. (collectively, "Hawaiian Electric"), and Maui Land & Pineapple Company, Inc. *See generally* Complaint [ECF No. 1]. The case was reassigned to us on June 9, 2026, with five motions pending. *See* Order of Reassignment [ECF No. 26]. Because Hawaiian Electric's Motion to Dismiss or, in the alternative, to Transfer Venue ("MTD") [ECF No. 15] is dispositive of this case (for our purposes), we begin and end there.

Hawaiian Electric seeks dismissal of Evans's Complaint "for lack of personal jurisdiction [and] improper venue." MTD at 3.[1] In the event we don't dismiss the case, Hawaiian Electric asks that we "transfer" "Plaintiff's action to the District of Hawaii." *Id.* at 10. Because transfer of this case is appropriate, we **GRANT** in part the MTD.

### THE FACTS

"On or about August 8, 2023, multiple fast-moving fires ignited on Maui and spread rapidly

---

[1] Hawaiian Electric tells us that "[t]he Complaint also names Hawaiian Electric Utilities, Inc [but] [n]o such entity exists within Hawaiian Electric's corporate family." MTD at 1 n.1.

under extreme winds." Complaint at 2. "Roads became impassable, communications systems failed, and emergency warnings were delayed, incomplete or absent. Residents and visitors were forced to flee through smoke-filled streets amid advancing flames, extreme heat, and falling debris." *Id.* at 2–3. Evans "was physically present on Maui at the time of the fires and was forced to physically run for his life to escape advancing flames and smoke." *Id.* at 3. As a result of this "life-threatening event," Evans "received a medical diagnosis of Post-Traumatic Stress Disorder ('PTSD')[.]" *Ibid.* The wildfires also "destroyed the foundation of [Evans's] business." *Id.* at 4. Evans tells us that he's a "nationally recognized concert producer," and the wildfires' destruction of Maui's concert venues led to the "permanent[] los[s]" of "future opportunities tied to Maui." *Ibid.*

The Defendants "owned, operated, maintained, controlled, and oversaw electrical transmission and distribution infrastructure located in areas later devastated by fires." *Id.* at 2. Evans alleges that the defendants exacerbated the damage caused by the wildfires because they "failed to de-energize power lines, failed to adequately maintain aging electrical infrastructure and failed to properly manage vegetation in proximity to energized lines." *Ibid.*

<h3 align="center">THE LAW</h3>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10

(11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Although "pro se pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as de facto counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). Pro se litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for pro se litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Hawaiian Electric seeks dismissal of Evans's Complaint for lack of jurisdiction and improper venue. *See* MTD at 10 ("Plaintiff's theory of personal jurisdiction fails each of the requisite elements. Plaintiff fails to plead a *prima facie* case supporting either general or specific jurisdiction[.]"); *see also id.* at 10 ("[T]his Court is not the appropriate venue for Plaintiff's claims."). In the alternative, Hawaiian Electric requests that we transfer this case to the District of Hawaii. *See id.* at 18 ("As an alternative, transfer of Plaintiff's case to the District of Hawaii would be appropriate[.]"). After careful review, we agree with Hawaiian Electric that we lack personal jurisdiction over the Defendants, that venue is improper in the Southern District of Florida, and that transfer of this case to the District of Hawaii is proper.

### I.       Personal Jurisdiction

3

"The Supreme Court has recognized two types of personal jurisdiction: general jurisdiction . . . and specific jurisdiction." *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1228 (11th Cir. 2023). "General jurisdiction lies in the forum where the defendant is domiciled or fairly regarded as at home." *Fuld v. Pal. Liberation Org.*, 606 U.S. 1, 12 (2025) (cleaned up). "A court in such a forum may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Ibid.* (cleaned up). "Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). "To exercise specific jurisdiction, the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*, 140 F.4th 1304, 1317 (11th Cir. 2025) (cleaned up).

Evans doesn't allege that Hawaiian Electric is a Florida resident that would be subject to our general jurisdiction. *See generally* Complaint; *see also* MTD at 4 ("Both Hawaiian Electric entities named in this case are incorporated in Hawaii and maintain their principal places of business in Hawaii. Plaintiff does not allege to the contrary."). "[A] federal court generally undertakes a two-step analysis to determine whether there is personal jurisdiction over a nonresident defendant." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1272 (11th Cir. 2022). *First*, we "determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute." *Ibid. Second*, we "decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Ibid.*

Here, Evans seeks to establish personal jurisdiction by claiming that the "Defendants committed tortious acts outside of Florida that caused foreseeable, substantial, and continuing injury within Florida." Complaint at 4. And, while he cites FLA. STAT. § 48.193(1)(a)(2), which encompasses "tortious act[s]" committed "within" Florida, we'll interpret his argument as relying on FLA. STAT.

4

§ 48.193(1)(a)(6), which extends to acts that "[c]aus[e] injury to persons or property within this state." *See* Complaint at 5 (citing § 48.193(1)(a)(2) but alleging that Evans's "PTSD diagnosis and ongoing treatment in Florida constitute a continuing tort").[2]

At the outset, we'll note that Evans's residency in Florida while suffering from PTSD is insufficient to confer standing under Florida's long-arm statute. *See Est. of Scutieri v. Chambers*, 386 F. App'x 951, 956 (11th Cir. 2010) ("[T]he fact that [the plaintiff] lived in Florida when she was injured is an insufficient forum-state injury to trigger the long-arm statute."). Subsection (1)(a)(6) of Florida's long-arm statute only allows plaintiffs to establish jurisdiction over a cause of action "[c]ausing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, *if* . . . (a) [t]he defendant was engaged in solicitation or service activities within this state; *or* (b) [p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." FLA. STAT. § 48.193(1)(a)(6) (emphasis added). Evans doesn't allege that Hawaiian Electric provided any services in Florida. In fact, Evans's *only* allegation tying Hawaiian Electric to Florida is that, "[o]n or about November 14, 2025, Defendant [Hawaiian Electric] through its claims department, sent written correspondence directly to plaintiff at his Florida residence." Complaint at 5. This single Florida contact is completely untethered to Evans's alleged injury and is insufficient on its own to confer jurisdiction under Subsection (1)(a)(6). *See Est. of Scutieri v. Chambers*, 2009 WL 10668602, at *1 (S.D. Fla. June 12, 2009) (Huck, J.), *aff'd*, 386 F. App'x 951 (11th Cir. 2010) ("[B]ecause [the defendant's] letter does not give rise to any of Plaintiffs remaining causes of action, it cannot support application of Florida's long-arm statute to [the defendant] in this case."); *see also Exist, Inc. v. Vermont Country Store*, 2019 WL 13074705, at *3 (S.D. Fla. Apr. 18, 2019) (Cohn, J.) ("[The plaintiff] does not, and cannot,

---

[2] Evans can't establish personal jurisdiction under FLA. STAT. § 48.193(1)(a)(2) because he hasn't alleged that the Defendants committed any tortious acts within Florida. *See generally* Complaint.

dispute that [the defendant's] transmittal of its cease and desist letter into Florida is, without more, insufficient to establish the minimum contacts necessary for specific personal jurisdiction." (cleaned up)).

Even assuming that Evans *had* satisfied the strictures of Florida's long-arm statute, though, he's failed to meet the federal due-process standard. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) ("If *both* Florida law *and* the United States Constitution permit, the federal district court may exercise jurisdiction over the nonresident defendant." (emphases added)). As we've recently explained:

> The Due Process Clause limits "a state's authority to bind a nonresident defendant to a judgment of its courts." In considering whether a federal court's exercise of specific jurisdiction over a non-resident defendant comports with due process, we examine "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice."

*Karnas v. Cuban*, 2025 WL 3759241, at *7 (S.D. Fla. Dec. 30, 2025) (Altman, J.) (first quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014); and then citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)).

Evans's Complaint fails to allege that Hawaiian Electric has minimum contacts with Florida *or* that it has purposefully availed itself of the privilege of conducting business in Florida. The *only* contact between Florida and Hawaiian Electric Evans identifies is the correspondence Hawaiian Electric sent to his Florida address.[3] And, as we've observed, this isn't sufficient to establish that Hawaiian Electric has minimum contacts with Florida. *See Exist,* 2019 WL 13074705, at *3 ("[The plaintiff] does not,

---

[3] Evans's Response to the MTD ("Response") [ECF No. 16] makes clear that his personal-jurisdiction arguments are premised on his receipt of correspondence from Hawaiian Electric's claims department. *See* Response at 2 ("Plaintiff's jurisdiction showing is grounded in Defendants' conduct: Defendants' Claims Department sent written correspondence into Florida to Plaintiff's Florida residence acknowledging receipt of Plaintiff's Maui wildfire claim[.]").

and cannot, dispute that [the defendant's] transmittal of its cease and desist letter into Florida is, without more, insufficient to establish the minimum contacts necessary for specific personal jurisdiction." (cleaned up)).

## II.     Venue

Hawaiian Electric also asks us to dismiss this case for improper venue or, in the alternative, to transfer it to the District of Hawaii. *See* MTD at 10–20. We agree that Evans has brought his suit in the wrong venue.

Under 28 U.S.C. § 1391(b), "a civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a case doesn't fall into one of § 1391(b)'s three categories, "venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).

As Hawaiian Electric correctly observes, Evans "fails to carry his burden of alleging proper venue under any subsection of the statute." MTD at 11. *First*, as we've explained, Hawaiian Electric doesn't "reside" in our District. *Second*, Evans fails to allege that a "substantial part of the events or omissions giving rise to the claim occurred" in our District. § 1391(b). Evans concedes that the wildfires, the destruction of concert venues, his alleged escape from the fires, and Hawaiian Electric's contribution to the wildfires *all* occurred in Hawaii. *See* Complaint at 3 ("Plaintiff was physically present on Maui at the time of the fires[.]"); *see also id.* at 4 ("Venues were destroyed . . . and future opportunities tied to Maui were permanently lost."). Evans's argument that Hawaiian Electric's

"Florida-directed claims administration [ ] is an event giving rise to, and intertwined with, the dispute" is frivolous. Response at 4. Absolutely none of Evans's claims or alleged harm arise from his receipt of correspondence from Hawaiian Electric. *Third*, venue isn't proper under § 1391(b)(3) because "this action could properly be brought [in] the District of Hawaii." MTD at 12; *see also* Response at 5 ("[T]ransfer [to Hawaii]—not dismissal—is the correct remedy.").

### III.    Transfer

Even if we did have personal jurisdiction over Hawaiian Electric—and even if venue were proper in our District—we'd still transfer this case to the District of Hawaii for the convenience of the parties.[4] "To determine the propriety of transfer to a different district, courts engage in a two-step analysis under section 1404(a)." *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013) (Marra, J.). "First, courts determine whether the action could have been brought in the venue in which transfer is sought." *Ibid.* Here, both parties agree that Evans could've brought this action in Hawaii. *See* MTD at 12 ("[T]his action could properly be brought [in] the District of Hawaii."); *see also* Response at 5 ("[T]ransfer [to Hawaii]—not dismissal—is the correct remedy."). *Second*, courts assess several factors to determine whether convenience and the interests of justice require a transfer. *Osgood*, 981 F. Supp. 2d at 1263. These factors include: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1

---

[4] Our other Defendant, Maui Land & Pineapple Company, Inc., hasn't been served or appeared in this action and, therefore, hasn't had the opportunity to weigh in on the propriety of transferring this case. *See generally* Docket. But, in a case such as this—where the plaintiff has "failed to show a connection between any defendant and the Southern District of Florida"— "sua sponte review and transfer of venue" is appropriate. *Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011)

(11th Cir. 2005). And we concur in Hawaiian Electric's analysis of these factors, finding that transfer of this case is warranted for the following cogent reasons:

> [T]he second step of the two-step analysis is met because the majority of the nine factors weighs in favor of transfer. The convenience of the witnesses—the single most important factor,—weighs in favor of Hawaii because all the Defendants are located in Hawaii, meaning the majority of witnesses with knowledge about Defendants' wildfire-related conduct will also be in  And because most of the witnesses are located in Hawaii, the District of Hawaii will easily be able to compel attendance, both in deposition and at trial, of any unwilling witnesses. Similarly, the bulk of documents and other sources of proof underlying Plaintiff's wildfire-related claims is located in Hawaii. In that vein, Hawaii is the locus of operative facts—that is where the wildfires occurred. The District of Hawaii will be familiar with the concepts of Hawaiian tort law that underlie Plaintiff's causes of action. Finally, given the location of key witnesses, evidence, and the operative facts in Hawaii, trial will be more efficient in Hawaii.

MTD at 19. We therefore conclude that transfer to the District of Hawaii is the appropriate remedy in this case.[5]

### CONCLUSION

After careful review, in short, we **ORDER** and **ADJUDGE** that:

1.  Hawaiian Electric's Motion to Dismiss, or in the alternative, Transfer Venue [ECF No. 15] is **GRANTED in part**.

2.  This case is **TRANSFERRED** to the United States District Court for the District of Hawaii.

3.  All pending motions are **DENIED as moot**. Evans may refile any pertinent motions after this case has been transferred, in accordance with the District of Hawaii's local rules.

4.  The case shall be **CLOSED** in this district.

---

[5] Because we're transferring this case to the District of Hawaii, we needn't address Hawaiian Electric's *forum non conveniens* arguments. *See* MTD at 13–18.

**DONE AND ORDERED** in the Southern District of Florida on June 12, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

10